IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| RONNIE TERRELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 18−cv−1147−JPG |
| JOHN DOE NURSE #3 | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Ronnie Terrell, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is seeking damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## **The Complaint**

Plaintiff originally brought his claims in case No. 18-cv-710. The Court determined that Plaintiff was attempting to bring unrelated claims in the same lawsuit and severed a single claim into this suit on May 22, 2018. (Doc. 1).

As relevant to the claim present in this lawsuit, Plaintiff alleges that the Pinckneyville medical staff falls below medical standards. (Doc. 2, p. 14). Specifically, he alleges that Doe #3 refused to accept that his stomach discomfort was a medical emergency and refer him to a doctor. *Id*. If the nurse believes that an inmate is suffering from a medical emergency, she can refer the inmate to the doctor immediately; otherwise, an inmate must report to sick call 3 days in a row and pay a $5 co-pay each day. *Id*. Instead of referring Plaintiff to the doctor, Doe #3 prescribed him Fill Fiber Lax Cap tabs. *Id*. Plaintiff alleges he did not need this medication because his symptoms were "much worse" than symptoms that could be addressed by a stool softener. *Id*. Plaintiff submitted another sick call slip, but Doe #3 came back, and Plaintiff refused to see her. *Id*. Plaintiff continued to endure his symptoms for another 10 weeks, at which time they improved. *Id*. However, they returned 10 months later. *Id*. At that time,

Plaintiff was immediately referred to the doctor and prescribed Omeprazole for 6 months. (Doc. 2, p. 15).

## Discussion

The severance order designated a single claim for this action:

**Count 5** – Eighth Amendment deliberate indifference claim against the John Doe Nurse #3 for refusing to refer Plaintiff to the doctor immediately for his stomach problems, thus delaying treatment.

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eighth Amendment does not give prisoners entitlement to "demand specific

care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Plaintiff has failed to state a claim for deliberate indifference. First, his allegations do not make it plausible that he suffered from a serious medical need. Plaintiff alleges only that he experienced "stomach discomfort;" he has not alleged that he had a medical condition diagnosed by a physician as mandating treatment, that affected his daily activities, or that caused chronic and substantial pain. Second, Plaintiff's allegations do not suggest that Doe #3 was deliberately indifferent to Plaintiff's condition. Plaintiff concedes that he did not try the medication that she offered him because he was convinced that it would not work. But Plaintiff has not alleged that he is a medical care provider, or given any other reasons beyond his own subjective belief why the medication would not work. Plaintiff has alleged nothing more than that he was denied the specific medical care he demanded, i.e. immediate referral to the doctor. On these facts, Plaintiff has not stated a claim for deliberate indifference. Accordingly, **Count 5** will be dismissed without prejudice for failure to state a claim.[1]

## Motion to Appoint Counsel

Plaintiff submitted a Motion for Recruitment of Counsel with the Complaint. (Doc. 4). A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e) (1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the

---

[1] The Court also notes that Plaintiff has omitted the date that these events occurred. Should Plaintiff submit an amended complaint, he should include the relevant dates. As a practical matter, it will be difficult to properly identify the Jane Doe Defendant without them.

sound discretion of the court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

The first element of the test is debatable in this situation. Although Plaintiff alleges that he has sought counsel on his own, of the 6 letters submitted in support of that contention, 3 were written in 2016, long before Plaintiff brought this suit, creating an inference that Plaintiff has not sought counsel to assist him with this specific case. But even assuming that Plaintiff has satisfied the first element, the Court finds that Plaintiff is competent to litigate this case himself. Plaintiff must amend the complaint if he wishes to proceed in this action. The Court finds that the original complaint clearly articulated the factual basis for Plaintiff's claims. Moreover, Plaintiff need not include legal citations or briefing in his amended complaint; he need only include facts within his knowledge and control. The Court finds that Plaintiff is capable of drafting an amended complaint. Accordingly, Plaintiff's Motion is **DENIED**. (Doc. 4).

## Disposition

**IT IS HEREBY ORDERED** that **Count 5** is **DISMISSED without prejudice** for failure to state a claim. Plaintiff's Motion for Recruitment of Counsel is **DENIED**. (Doc. 4).

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support a medical indifference claim, within 28 days of the entry of this order (on or before **September 10, 2018**). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: August 13, 2018**

                                                s/J. Phil Gilbert
                                                **U.S. District Judge**