# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RONNIE TERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−1147−JPG |
| | ) | |
| NURSE JANE DOE #3 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Ronnie Terrell, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is seeking damages. This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough

1

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**The Amended Complaint**

Plaintiff originally brought his claim in case No. 18-cv-710. The Court determined that Plaintiff was attempting to bring unrelated claims in the same lawsuit and severed a single claim into this suit on May 22, 2018. (Doc. 1). This case underwent threshold screening on August 14, 2018, and the complaint was dismissed without prejudice. (Doc. 7). After an extension of time, Plaintiff filed the Amended Complaint on October 9, 2018. (Doc. 13).

Plaintiff alleges that Nurse Doe #3 refused to accept his stomach discomfort as a medical emergency. (Doc. 13, pp. 6, 8). Plaintiff informed Doe #3 that he had bright red blood in his stool. (Doc. 13, p. 8). Plaintiff wanted Doe #3 to refer him to the healthcare unit on an emergency basis, because otherwise, Plaintiff would have to submit 3 sick call slips and pay a co-pay each time before being referred to the doctor. *Id*. Doe #3 gave Plaintiff Fili Fiber Lax tablets, which Plaintiff alleges that he didn't need because "my symptoms were much worse then [sic] a stool softener." *Id*. Plaintiff alleges that the blood in his stomach affected his daily activities because he was having diarrhea, which made him mindful of when his last bowel movement was before leaving

2

the cell house. *Id*. Plaintiff also alleges that blood loss "would" have kept him fatigued and lightheaded. (Doc. 13, p. 9).

Plaintiff submitted another sick call slip, but then refused treatment when Doe #3 came in response to his request. (Doc. 13, p. 8). Plaintiff believed he improved after two and a half months without treatment, but then his symptoms re-appeared later. *Id*. On this subsequent occasion, Plaintiff was referred to the doctor and prescribed Omeprazole. (Doc. 13, p. 9).

**Discussion**

The severance order designated a single claim for this action:

**Count 5 –** Eighth Amendment deliberate indifference claim against the Jane Doe Nurse #3 for refusing to refer Plaintiff to the doctor immediately for his stomach problems, thus delaying treatment.

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Previously, the Court found that Plaintiff failed to state a claim for deliberate indifference because he did not adequately plead that he suffered from a serious medical need or that Doe #3 was deliberately indifferent to his needs. The Amended Complaint continues to suffer from these infirmities. First, Plaintiff has still not established that he suffered from a serious medical need. Plaintiff alleges that he suffered from stomach discomfort and that he told Doe #3 that he suffered from blood in his stool. There are three ways to establish that one suffers from a serious medical need: 1) chronic and substantial pain; 2) condition diagnosed by a physician as mandating treatment, and 3) the condition affects one's daily life. Plaintiff has not alleged that he suffered from chronic and substantial pain. He has alleged that diarrhea and blood loss "would" have affected his daily activities but has not alleged that there were any specific daily activities that he was unable to do. Finally, Plaintiff's allegation that a physician provided him medication after a reoccurrence of similar symptoms several months later does not establish that Plaintiff suffered from a serious medical need at the time of the relevant events. In fact, Plaintiff has alleged that his initial symptoms resolved on their own, that he refused further treatment from Doe, and stopped submitting sick call slips. Plaintiff has not made a plausible allegation that he suffered from a serious medical need.

Secondly, Plaintiff has not plausibly alleged that Doe #3 was deliberately indifferent. This inquiry shares some overlap with question of whether Plaintiff has adequately alleged that he suffered from a serious medical need. For instance, although Plaintiff alleges that diarrhea and blood loss could affect his daily activities, he has failed to allege that he told Doe #3 that he had diarrhea or that he was experiencing fatigue or lightheadedness associated with blood loss. She could not have been deliberately indifferent to those symptoms if he did not tell her about them, even if those symptoms did constitute a serious medical need. Moreover, Plaintiff concedes that he did not try the medication that Doe #3 offered him because he was convinced that it would not work. But Plaintiff still has not alleged facts suggesting that his belief that the medication would not work was reasonable. Plaintiff has alleged nothing more than that he was denied the specific medical care he demanded, i.e. immediate referral to the doctor, which he alleges he wanted to avoid paying copays. On these facts, Plaintiff has not stated a claim for deliberate indifference. Accordingly, **Count 5** will be dismissed again, this time with prejudice. As Plaintiff's amendment did not cure the previously-noted deficiencies, the Court presumes that Plaintiff is unable to do so.

## Disposition

**IT IS HEREBY ORDERED** that this case is **DISMISSED with prejudice** for failure to state a claim. Plaintiff's pending motion is denied as moot. (Doc. 11). This shall count as one of Plaintiff's "strikes" pursuant to 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C.

§ 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

**DATED: December 11, 2018**

s/J. Phil Gilbert
**U.S. District Judge**
